ANTOON, Judge.
Randy Brakeall (defendant) appeals his judgment and sentence for aggravated battery for the beating of Samuel Birdsong,[1] arguing that the trial court erred in two respects. First, he contends that the trial court improperly denied him the opportunity to impeach Birdsong’s credibility by questioning Birdsong about a conviction for unlawful use of a driver’s license. Second, the defendant contends that the trial court erred by limiting his testimony regarding the details of an alleged rape of his wife. We affirm.
Birdsong testified at trial. The defendant sought to impeach Birdsong’s credibility by using a 1983 conviction for unlawful use of a driver’s license. Generally, a party may attack a witness’ credibility by using a prior conviction of a crime involving dishonesty or a false statement. See § 90.610, Fla. Stat. (1995). We need not reach the question of whether the offense of unlawful use of a driver’s license is a crime of dishonesty or false statement because the defendant was unable to establish the conviction at trial. In Peoples v. State, 576 So.2d 783 (Fla. 5th DCA 1991), app’d, 612 So.2d 555 (Fla.1992), this court ruled that a party “who seeks to introduce evidence of a prior conviction should have knowledge of the prior conviction and should possess a certified copy of the judgment and sentence.” Although the defendant had documents relating to the 1983 charge against Birdsong, the documents did not establish that Birdsong had been adjudicated guilty of the charge. Accordingly, the trial court properly excluded this impeachment evidence.
The defendant, his wife, and Birdsong testified about, among other things, an alleged rape of the defendant’s wife which had occurred years earlier. In this regard, Birdsong testified that, while being attacked by the defendant, he asked the defendant why he was hitting him and the defendant responded, “Because [your] brothers had raped [my wife].” The defendant’s wife then testified that Birdsong had made advances toward her the evening of the instant offense, but that she could not remember what happened the night of the alleged rape because she was intoxicated. Finally, on direct examination, the defendant was asked whether Birdsong had raped his wife and he responded, “As far as I know, yes, he did.” He also testified that he struck Birdsong because he was afraid that Birdsong would hurt his wife again.
The defendant then sought to testify further concerning the details of the alleged rape, arguing that such testimony would establish his state of mind at the time of battery on Birdsong. After hearing the descriptions of the alleged rape, the trial court refused to allow the defendant to continue to testify any further on this issue. We affirm the court’s ruling because evidence concerning the defendant’s belief that Birdsong or his brothers had raped his wife was already before the jury, and it was not error to limit additional testimony regarding this issue. The trial court’s ruling was within its discretion.
Judgment and Sentence AFFIRMED.
COBB and GRIFFIN, JJ., concur.

. § 784.045, Fla. Stat. (1995).